# EXHIBIT 1

EXHIBIT 1 - PAGE 19

Electronically FILED by Superior Court of California, County of Riverside on 10/13/2023 08:24 PM
Case Number CVRI2304363 0000072952129 - Jason B. Galkin, Executive Officer/Clerk of the Court By Kenneth Thomsen, Clerk

1  Daniel J. Hyun (State Bar No. 309184)
   dh@danielhyunlaw.com
2  **LAW OFFICE OF DANIEL J. HYUN**
   1100 W. Town & Country Rd., Ste. 1250
3  Orange, California 92868
   Telephone: (949) 590-4122
4  Facsimile: (949) 528-2596

5  Attorneys for Plaintiff NANCY ASAAD

6

7

8  **SUPERIOR COURT OF CALIFORNIA**

9  **COUNTY OF RIVERSIDE**

10

11  NANCY ASAAD, an individual, on behalf of       Case No. CVRI2304363
    herself and others similarly situated,
12                                                  Assigned for all purposes to:
                 Plaintiff,                         Harold W. Hopp, Dept. 1
13
14  vs.                                             **FIRST AMENDED CLASS AND**
                                                    **REPRESENTATIVE ACTION**
15  BLUETRITON BRANDS, INC.; and DOES 1            **COMPLAINT**
    through 50, inclusive,
16                                                  1.    Failure to Pay All Wages;
                 Defendants.                        2.    Failure to Provide Meal Periods or
17                                                        Compensation;
18                                                  3.    Failure to Permit Rest Periods or Provide
                                                         Compensation;
19                                                  4.    Failure to Provide Accurate Itemized
                                                         Wage Statements;
20                                                  5.    Waiting Time Penalties;
                                                    6.    Violation of the Unfair Competition Law;
21                                                        and
22                                                  7.    Violation of the Private Attorneys
                                                         General Act of 2004
23
                                                    **DEMAND FOR JURY TRIAL**
24
25                                                  Action Filed:    August 21, 2023
                                                    Trial Date:      None Set
26

27

28
                                            -1-
    FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 20

1        Plaintiff NANCY ASAAD ("Plaintiff"), individually, and on behalf of all others similarly

2 situated, brings this First Amended Class and Representative Action Complaint ("Complaint") against

3 Defendants BLUETRITON BRANDS, INC., and DOES 1 through 50, inclusive (collectively,

4 "Defendants"), and alleges as follows:

5                                            **INTRODUCTION**

6    1.     This proposed class action, pursuant to California Code of Civil Procedure section 382,

7 is brought by Plaintiff individually and on behalf of all current and former non-exempt employees

8 employed by Defendants in California during the Class Period (collectively the "Class" or "Class

9 Members"). The term Class Period is defined as four (4) years prior to the filing of this action to the

10 date of class certification.

11    2.     Plaintiff also brings this representative action pursuant to the Private Attorneys General

12 Act of 2004, Labor Code sections 2698 *et seq.* ("PAGA"), against Defendants, on behalf of herself

13 individually and other aggrieved employees who are and were employed by Defendants as non-exempt

14 employees throughout California during the PAGA Period (the "aggrieved employees"). The term

15 PAGA Period is defined as one (1) year prior to Plaintiff's initial notice of Labor Code violations to

16 the Labor and Workforce Development Agency ("LWDA") and Defendants until judgment.

17    3.     This proposed class and representative action seeks, *inter alia*, unpaid wages (including

18 sick pay, vacation pay, minimum, regular, overtime, and double time wages), compensation for non-

19 compliant meal periods and rest breaks, waiting time penalties, itemized wage statement penalties,

20 civil penalties, liquidated damages, interest, reasonable attorneys' fees, and costs. Plaintiff's action is

21 brought under, *inter alia*, the California Industrial Welfare Commission ("IWC") Wage Orders and

22 applicable provisions of the California Code of Regulations, California Business & Professions Code

23 sections 17200 *et seq.*, California Civil Code section 3289, California Code of Civil Procedure section

24 1021.5, and California Labor Code ("Labor Code") sections 201-204, 206, 210, 218.6, 226, 226.3,

25 226.7, 227.3, 246, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, and 2698

26 *et seq.*

27    4.     Under the California Unfair Competition Law, Business and Professions Code

28 sections 17200 *et seq.* ("UCL"), and pursuant to the class action procedures provided for in this statute,

1   Plaintiff, on behalf of herself and the proposed Class, seeks declaratory relief, injunctive relief, and
2   restitution of all benefits Defendants have received from their employees due to their unlawful
3   business practices, including but not limited to, their failure to timely provide sick pay, vacation pay,
4   minimum, regular, overtime, and double time compensation due for all hours worked, failure to
5   provide compliant meal periods and rest breaks to their employees or compensation in lieu thereof,
6   and failure to provide accurate itemized wage statements.

7                              **JURISDICTION AND VENUE**

8        5.       This Court has jurisdiction over all causes of action asserted herein pursuant to the
9   California Constitution, Article VI, section 10, which grants the Superior Court original jurisdiction
10  in all cases except those given to other trial courts. All claims alleged herein arise under California
11  law for which Plaintiff seeks relief authorized by California law. Further, this is a class action pursuant
12  to California Code of Civil Procedure section 382 and representative action under PAGA. As such,
13  the monetary damages, restitution, penalties, and other amounts sought by Plaintiff exceeds the
14  minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.
15  The Court also has jurisdiction over certain causes of action pursuant to California Business &
16  Professions Code sections 17203 and 17204, which provide for exclusive jurisdiction for enforcement
17  of this statute in any court of competent jurisdiction.

18       6.       This Court has jurisdiction over all Defendants because each Defendant is a citizen of
19  California, a corporation or association organized under the laws of the State of California, an
20  association authorized to do business in California and registered with the California Secretary of
21  State, does sufficient business in California, has sufficient minimum contacts with California, and/or
22  intentionally avails itself of the laws and markets of California through the promotion, sale, marketing
23  and distribution of its products and/or services in California to render the exercise of jurisdiction by
24  the California courts permissible.

25       7.       Venue in Riverside County is proper under California Business & Professions Code
26  section 17203 and California Code of Civil Procedure section 395.5 because a substantial part of
27  Defendants' unlawful conduct, acts, and omissions alleged herein occurred in this County, Defendants
28  had and have ongoing projects in this County, Defendants conduct substantial business in this County,

1   Defendants' liability arose in this County, and/or Defendants reside, transact business, maintain
2   offices, and/or have an agent or agents in this County. The relief requested is within the jurisdiction
3   of this Court.

**PARTIES**

5   8.      Plaintiff is a California citizen. Defendants employed Plaintiff as a non-exempt
6   employee during the Class Period. Plaintiff's employment with Defendants ended within one (1) year
7   of the filing of this action. Plaintiff's job duties included, *inter alia*, producing water bottle products
8   and maintaining the production line.

9   9.      Plaintiff is informed, believes and thereon alleges that, at all relevant times Defendant
10  BLUETRITON BRANDS, INC. ("BBI") was and is a Delaware corporation doing business in the
11  State of California. BBI owns and operates a manufacturing company that produces bottled water
12  under its various brands such as Arrowhead and Pure Life, to California consumers and has a worksite
13  in Riverside County, California. Plaintiff is further informed, believes and thereon alleges that, at all
14  relevant times, BBI regularly conducted and conducts business within the State of California and
15  derives substantial revenues from services performed in California. Plaintiff is informed, believes and
16  thereon alleges that, at all relevant times, BBI was and is an employer subject to California state wage
17  and hour laws.

18  10.     Plaintiff is informed and believes, and thereon alleges that at all times hereinafter
19  mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers,
20  whose employees were and are engaged throughout this County and the State of California.

21  11.     Defendants continue to employ non-exempt employees within California.

22  12.     Plaintiff is unaware of the true names and capacities of those defendants identified as
23  DOES 1 through 50. Therefore, Plaintiff identifies those defendants fictitiously. Plaintiff is informed,
24  believes and thereon alleges that at all relevant times each DOE defendant was a parent, sister, or
25  related corporate entity of defendants, or an owner, employee or agent of defendants, and each related
26  entity, and was acting with the knowledge and authorization of each of the other defendants. Plaintiff
27  will seek to amend this Complaint to allege the true names and capacities of each DOE defendant
28  when their names have been ascertained and identified. Plaintiff is informed, believes and thereon

-4-

EXHIBIT 1 - PAGE 23

1    alleges that each of the defendants sued as DOES 1 through 50 participated in, received the benefit of,

2    or was in some way responsible for one or more of the wrongful acts and omissions and some portion

3    of the damages alleged herein.

4          13.     Plaintiff is informed, believes and thereon alleges that at all times material hereto, each

5    defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out

6    a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant

7    are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the

8    employer and/or joint employer of Plaintiff and the Class Members.

9          14.     Plaintiff is informed, believes and thereon alleges that defendants, each and all of them,

10   at all times material hereto, were the joint employers, parent companies, successor companies,

11   predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

12   representatives, and/or co-conspirators of each of the remaining defendants. Defendants, unless

13   otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within

14   the course and scope of said relationship(s), and are a proximate cause of Plaintiff's damages as herein

15   alleged.

16          15.     Plaintiff is informed, believes and thereon alleges, that there exists a unity of interest

17   in ownership between Defendants and DOES 1 through 50, inclusive, such that any individuality and

18   separateness between the individual and the corporation does not exist, as Defendants, and DOES 1

19   through 50, inclusive, are alter egos, in that: (1) Defendants are and at all times mentioned herein were

20   mere shells, instrumentalities and conduits through which DOES 1 through 50, inclusive, carried out

21   their business in the business name, exercising complete control and dominance over such business;

22   (2) that Defendants were conceived, intended and used by DOES 1 through 50, inclusive, as devices

23   to avoid individual liability and in place of Defendants, and DOES 1 through 50, inclusive, and were

24   without the financial solvency and responsibility required by law; and (3) that all of the assets of the

25   Defendants have been transferred to DOES 1 through 50, inclusive, or some other individual or entity

26   which he or she owns or controls, with the intent to hinder, delay or defraud creditors of Defendants,

27   leaving Defendants with no assets. Further, Plaintiff is informed, believes and thereon alleges, that

28   there exists a principal-agency relationship between and among Defendants.

1       16.     At all relevant times herein, Defendants were agents of each other and acting within

2 the course and scope of their agency.

3                   **CLASS ALLEGATIONS AND FACTUAL BACKGROUND**

4       17.     Pursuant to California Code of Civil Procedure section 382, Plaintiff brings this action

5 individually and as a class action on behalf of a proposed Class defined as follows:

6            Class

7            All current and former non-exempt employees employed by Defendants in the State of

8            California within four (4) years prior to the commencement of this action to the date of

9            class certification.

10      18.     The Class is also comprised of the following Subclass:

11           Waiting Time Subclass

12           Those members of the Class who separated from their employment with Defendants

13           within three (3) years prior to the commencement of this action to the date of class

14           certification.

15      19.     Plaintiff reserves the right pursuant to California Rules of Court, Rule 3.764 and 3.765,

16 to amend or modify the respective definitions of the Class and/or Subclasses to provide greater

17 specificity and/or further division into subclasses or limitation to particular issues based on further

18 investigation and discovery.

19      20.     This action is brought, and may properly be maintained, as a class action pursuant to

20 California Code of Civil Procedure section 382 because there is a well-defined community of interest

21 in the litigation, and the proposed class is easily ascertainable.  This action presents questions of

22 common interest and satisfies the numerosity, commonality, typicality, adequacy, predominance, and

23 superiority requirements of this provision.

24      21.     Through this action, Plaintiff alleges Defendants have consistently maintained and

25 enforced against Plaintiff and Class Members unlawful employment practices and policies which

26 violate the Labor Code and IWC Wage Orders.

27      22.     Plaintiff is informed, believes, and thereon alleges that during the Class Period,

28 Defendants failed to pay Plaintiff and other Class Members sick pay, vacation pay, minimum, regular,

1 | overtime, and/or double time wages for all hours worked at the legally mandated rates. During the
2 | Class Period, Plaintiff and other Class Members regularly worked more than eight (8), 10, and/or 12
3 | hours per workday, and/or over 40 hours per workweek. Defendants failed to pay Plaintiff and Class
4 | Members at the proper rate of pay. In addition, Defendants failed to pay Plaintiff and Class Members
5 | wages for all time worked including off-the-clock work at the proper rates. Defendants also failed to
6 | provide proper paid sick leave and vacation pay. As such, Defendants failed to pay Plaintiff and other
7 | Class Members sick pay, vacation pay, minimum, regular, overtime, and double time wages, for all
8 | hours worked in violation of the Labor Code and applicable IWC Wage Orders.

9 |     23.    Plaintiff is informed, believes, and thereon alleges that during the Class Period,
10 | Defendants failed to provide timely off-duty 30-minute meal periods within the appropriate time
11 | intervals to Plaintiff and Class Members as required by Labor Code section 512 and section 11 of the
12 | applicable Wage Order. Specifically, Plaintiff and other Class Members had their meal periods late,
13 | interrupted, missed, restricted to the worksite, and/or short due to Defendants' policy and practice of
14 | understaffing and prioritizing work demands such as production deadlines over taking compliant meal
15 | periods. Specifically, Plaintiff's and Class Members' meal periods were regularly taken after the fifth
16 | hour of work since the production line could not be left unattended. Further, meal periods were
17 | regularly less than 30 minutes since Plaintiff and aggrieved were required to clock in early from their
18 | meal periods to allow other employees to take their meal periods. In addition, Defendants failed to
19 | provide second meal periods when Plaintiff and Class Members worked in excess of 10 hours in a
20 | workday. Despite the aforementioned meal period violations, Defendants failed to compensate
21 | Plaintiff and other Class Members with an additional hour of pay at their regular rate for every day in
22 | which they suffered a meal period violation. Accordingly, Defendants failed to provide Plaintiff and
23 | Class Members with timely, uninterrupted off-duty meal periods for at least 30 minutes when they
24 | worked more than five (5) hours and/or 10 hours in a workday, and failed to compensate Plaintiff and
25 | Class Members with an additional hour of pay at their regular rate of pay for every day in which they
26 | were denied a compliant meal period in violation of the Labor Code and applicable IWC Wage Orders.

27 |     24.    Plaintiff is informed, believes, and thereon alleges that during the Class Period,
28 | Defendants failed to authorize or permit ten-minute (10) rest periods for every four (4) hours worked

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 26

1    or major fraction thereof. Specifically, Plaintiff and other Class Members regularly had their rest

2    breaks shortened, interrupted, restricted to the worksite, and/or missed altogether due to Defendants'

3    policy and practice of understaffing and prioritizing work demands such as production deadlines over

4    taking compliant rest breaks and failing to implement a compliant rest break policy and/or practice.

5    Specifically, Plaintiff's and Class Members' rest breaks were regularly less than 10 minutes since they

6    were required to return from their breaks early to relieve their coworkers so that those coworkers could

7    take rest breaks. Plaintiff and Class Members were also required to return early from their breaks to

8    clean and prepare the production line for the night shift. Notwithstanding the above rest break

9    violations, Defendants failed to compensate Plaintiff and Class Members with an additional hour of

10   pay at their regular rate for every day in which they suffered a rest period violation. Accordingly,

11   Defendants violated the Labor Code and the applicable IWC Wage Orders.

12   25.    Plaintiff is informed, believes, and thereon alleges that during the Class Period,

13   Defendants willfully failed to timely pay all wages due to Plaintiff and the Waiting Time Subclass

14   upon separation of employment in violation of the Labor Code and IWC Wage Orders. Plaintiff and

15   Waiting Time Subclass Members were not paid all wages (including vacation pay, minimum, regular,

16   overtime, and double time wages), meal period premiums, and/or rest period premiums within the

17   required time period in violation of the Labor Code and applicable IWC Wage Orders.

18   26.    Plaintiff is informed, believes, and thereon alleges that during the Class Period,

19   Defendants failed to provide Plaintiff and Class Members with accurate itemized wage statements that

20   accurately reported, among other things, the gross and net wages earned, the total hours worked, all

21   applicable hourly rates in effect during the pay period, and the corresponding number of hours worked

22   at each hourly rate. As a result, Defendants violated the requirements of the Labor Code and applicable

23   IWC Wage Orders.

24   27.    Plaintiff is informed, believes, and thereon alleges that Defendants' actions as

25   described throughout this Complaint were willful.

26                                **NUMEROSITY**

27   28.    The Class is so numerous that joinder of all of its members is impracticable. While the

28   exact number and identities of Class Members are unknown to Plaintiff at this time and can only be

1 ascertained through appropriate discovery, Plaintiff is informed, believes and thereon alleges that the

2 Class consists of more than 100 persons.

3      29.    A class action is the only available method for the fair and efficient adjudication of this

4 controversy. The members of the Class are so numerous that joinder of all members is impractical, if

5 not impossible. The identity of Class Members can be ascertained by analysis of Defendants'

6 employee and payroll records.

7 **COMMONALITY**

8      30.    Common questions of fact and law exist as to all members of the Class that predominate

9 over any questions affecting only individual Class Members. These common legal and factual

10 questions include, but are not limited to, the following:

11     (a)    Whether Defendants paid Plaintiff and Class Members all wages (including sick pay,

12               vacation pay, minimum, regular, overtime, and double time wages) for all hours

13               worked;

14     (b)    Whether Defendants required Plaintiff and Class Members to work off-the-clock

15               without proper compensation;

16     (c)    Whether Defendants provided Plaintiff and Class Members with compliant meal

17               periods or paid compensation in lieu thereof;

18     (d)    Whether Defendants authorized and permitted compliant rest breaks to Plaintiff and

19               Class Members or paid compensation in lieu thereof;

20     (e)    Whether Defendants failed to provide Plaintiff and Class Members with accurate

21               itemized wage statements;

22     (f)    Whether Defendants failed to timely pay the Plaintiff and Class Members all wages

23               due immediately upon termination or within 72 hours of resignation;

24     (g)    Whether Defendants' conduct was willful or reckless;

25     (h)    Whether Defendants engaged in unfair business practices in violation of Business and

26               Professions Code sections 17200, *et seq*; and

27     (i)    Additional common questions of law and fact that may develop as the litigation

28               progresses.

-9-

EXHIBIT 1 - PAGE 28

1

**TYPICALITY**

2      31.    Plaintiff is informed, believes, and thereon alleges that Plaintiff's claims are typical of

3  the claims of the Class because: Plaintiff and the Class sustained injuries and damages arising out of

4  and caused by Defendants' unlawful policies and practices; the claims arise out of the same course of

5  conduct by Defendants; Plaintiff's claims are based upon the same legal theories as the claims of the

6  Class; and the legal issues raised under California state law as a result of Defendants' conduct apply

7  equally to Plaintiff and the Class Members.

8

**ADEQUACY OF REPRESENTATION**

9      32.    Plaintiff is an adequate representative of the Class, in that her claims (and defenses, if

10  any) are typical of those of the Class. Plaintiff has no conflicts of interest with her fellow Class

11  Members and will be able to fairly and adequately protect the interests of the Class. Plaintiff has the

12  same interests in the litigation of this case as the Class Members; and is committed to vigorous

13  prosecution of this case and has retained competent counsel experienced in class action and wage and

14  hour litigation of this nature.

15

**PREDOMINANCE**

16      33.    Defendants have engaged in a common course of wage and hour abuse toward Plaintiff

17  and Class Members. The common issues arising from this conduct that affect Plaintiff and Class

18  Members predominate over any individual issues. Adjudication of these common issues in a single

19  action has important and desirable advantages of judicial economy.

20

**SUPERIORITY OF CLASS ACTION**

21      34.    A class action is superior to other available methods for the fair and efficient

22  adjudication of this controversy because individual litigation of the claims of all Class Members is

23  impracticable. Even if every Class Member could afford individual litigation, the court system could

24  not. It would be unduly burdensome to the courts in which individual litigation of numerous cases

25  would proceed. Individualized litigation would also present the potential for varying, inconsistent, or

26  contradictory judgments and would magnify the delay and expense to all parties and to the court

27  system resulting from multiple trials of the same complex factual issues. Moreover, individual actions

28  by Class Members may establish inconsistent standards of conduct for Defendants. By contrast, the

-10-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 29

1 | conduct of this action as a class action, with respect to some or all of the issues presented herein,
2 | presents fewer management difficulties, conserves the resources of the parties and the court system,
3 | and protects the rights of each Class Member.

4 |     35.    Defendants have acted or refused to act in respects generally applicable to the Class,
5 | thereby making appropriate relief with regard to the members of the Class as a whole, as requested
6 | herein.

7 | **PUBLIC POLICY CONSIDERATIONS**

8 |     36.    Employers in the State of California violate employment and labor laws every day.
9 | Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.
10 | Former employees are fearful of bringing actions because they believe their former employers might
11 | damage their future endeavors through negative references and/or other means. Class actions provide
12 | Class Members who are not named in the action with a type of anonymity that allows for the
13 | vindication of their rights while affording them privacy protections.

14 | **FIRST CAUSE OF ACTION**

15 | **FAILURE TO PAY ALL WAGES**

16 | **(Against All Defendants)**

17 |     37.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though
18 | fully set forth herein.

19 |     38.    At all times herein relevant, Defendants had a duty to comply with Labor Code sections
20 | 204, 206, 558, 1182.12, 1194, 1194.2, 1197, 1198, the applicable IWC Wage Orders, and all applicable
21 | local minimum wage ordinances in effect throughout California.

22 |     39.    Labor Code section 204 and the IWC Wage Orders require timely payment of all wages
23 | owed on regularly scheduled paydays at least twice during each calendar month, on days designated
24 | in advance by the employer as the regular paydays. All wages in earned in excess of the normal work
25 | period must be paid no later than the payday for the next regular payroll period.

26 |     40.    Labor Code section 206 provides that in case of a dispute over wages, the employer
27 | shall pay, without condition and promptly under the Labor Code all wages conceded due, leaving to
28 | the employee all remedies he/she is otherwise entitled to as to any balance claimed.

EXHIBIT 1 - PAGE 30

1       41.    At all times relevant, Labor Code section 510, and applicable sections of the California

2 Code of Regulations and the IWC Wage Orders applied to Plaintiff's work with Defendants and

3 continue to apply to Class Members' employment with Defendants. Labor Code section 510 and

4 applicable provisions of the California Code of Regulations and IWC Wage Orders state that any work

5 performed in excess of eight hours in a workday and/or 40 hours in a workweek must be paid at one

6 and one-half times the employee's regular rate of pay. Any work performed in excess of 12 hours in

7 a workday must be compensated at the rate of no less than twice the regular rate of pay for an

8 employee.

9       42.    The IWC Wage Orders define "hours worked" as "the time during which an employee

10 is subject to the control of an employer and includes all time the employee is suffered or permitted to

11 work, whether or not required to do so."

12       43.    Labor Code section 558 permits the recovery of underpaid wages.

13       44.    Labor Code section 1182.12 sets forth the minimum hourly wage that must be paid to

14 all employees in California for all hours worked. Local minimum wage ordinances, may provide for

15 higher minimum wage rates that must be paid to employees for all hours worked in those locales where

16 each local ordinance is in effect. Labor Code section 1197 affirms that it is unlawful to pay less than

17 the state or local minimum wage, whichever is higher, for any hour of work.

18       45.    Labor Code section 1194 requires that employers pay employees at least the legal

19 minimum wage rate for all hours worked, notwithstanding any agreement to work for a lesser wage.

20 Labor Code section 1194 further authorizes any employee receiving less than the legal minimum wage

21 applicable to the employee to recover in a civil action the unpaid balance of the full amount of wages,

22 along with interest thereon, reasonable attorneys' fees and costs of suit.

23       46.    Labor Code section 1194.2 authorizes the recovery of liquidated damages in an amount

24 equal to the wages unlawfully unpaid and interest thereon for unpaid wage violations.

25       47.    Labor Code section 1198 prohibits employers from employing for longer hours or less

26 favorable conditions than those set forth in the Labor Code, IWC Wage Orders, or as otherwise set by

27 the Labor Commissioner.

28       48.    Plaintiff is informed, believes, and thereon alleges that during the Class Period, Plaintiff

EXHIBIT 1 - PAGE 31

1  and Class Members regularly worked over eight (8) hours, 10 hours per workday, and/or 12 hours per
2  workday and/or over 40 hours per workweek.

3      49.    Plaintiff is informed, believes, and thereon alleges that during the Class Period,
4  Defendants failed to pay Plaintiff and Class Members all wages due at the proper rates, required off-
5  the-clock work without compensation, and failed to pay all sick pay and vacation pay, among other
6  things.

7      50.    Plaintiff is informed, believes, and thereon alleges that Defendants, through their
8  conduct described herein, have committed an "intentional theft of wages in an amount greater than
9  nine hundred fifty dollars ($950) from any one employee, or two thousand three hundred fifty dollars
10  ($2,350) in the aggregate from two or more employees…in any consecutive 12-month period" within
11  the meaning of California Penal Code section 487m. Specifically, Defendants have intentionally
12  deprived Plaintiff and Class Members of wages, as defined in Labor Code section 200, gratuities, as
13  defined in Labor Code section 350, benefits, or other compensation, by unlawful means, with the
14  knowledge that the wages, gratuities, benefits, or other compensation is due to Plaintiff and Class
15  Members under the law. Plaintiff and the Class Members she seeks to represent are thus entitled to
16  recover from Defendants treble damages and costs, including reasonable attorneys' fees, pursuant to
17  California Penal Code section 496(c).

18      51.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein,
19  Plaintiff and Class Members have sustained and continue to sustain damages, including loss of
20  earnings from sick pay, vacation pay, minimum, regular, overtime, and double time compensation due,
21  in an amount to be established at trial, plus prejudgment interest, attorneys' fees, and costs pursuant
22  to statute.

23      52.    WHEREFORE, Plaintiff and the Class Members she seeks to represent request relief
24  as described herein and below.

25              **SECOND CAUSE OF ACTION**
26              **MEAL PERIOD VIOLATIONS**
27                **(Against All Defendants)**
28      53.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though

-13-
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 32

1   fully set forth herein.

2       54.     At all relevant times, Defendants had a duty to comply with Labor Code sections 226.7
3   and 512, and the applicable IWC Wage Orders.

4       55.     Labor Code section 512 and the IWC Wage Orders prohibit an employer from
5   employing any person for a work period of more than 5 hours per day without providing the employee
6   with a meal period of not less than 30 minutes (commencing before the employee's fifth hour of work),
7   except that if the total work period per day is no more than 6 hours, the meal period may be waived
8   by mutual consent of the employer and employee. A second meal period of not less than 30 minutes
9   is required if an employee works more than 10 hours per day and must begin before the employee's
10  tenth hour of work, except if the total hours worked is no more than 12 hours, the second meal period
11  may be waived by mutual consent of the employer and employee, but only if the first meal period was
12  not waived.  An employer must relieve an employee of all duties during meal periods.

13      56.     The applicable IWC Wage Orders state that "[u]nless the employee is relieved of all
14  duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period
15  and counted as time worked."

16      57.     Labor Code section 226.7(b) and the IWC Wage Orders prohibit an employer from
17  requiring any employee to work during a meal period mandated by any California statute, regulation,
18  standard or order.  If an employer fails to provide an employee with a meal period in accordance with
19  state law, Labor Code section 226.7(c) and the IWC Wage Orders require that the employer pay the
20  employee one additional hour of pay at the employee's regular rate of compensation for each workday
21  that the meal period is noncompliant.

22      58.     During the Class Period, Plaintiff and Class Members did not receive compliant meal
23  periods for working more than five (5) and/or 10 hours per day because Plaintiff and Class Members
24  regularly worked through their meal periods, or had their meal periods shortened, interrupted, late,
25  restricted to the worksite, and/or missed altogether due to Defendants' policy and practice of
26  prioritizing work demands over taking compliant breaks. Defendants also failed to provide Plaintiff
27  and Class Members with second meal periods.

28      59.     During the Class Period, Defendants failed to pay Plaintiff and Class Members meal

-14-

1  period premiums for noncompliant meal periods pursuant to Labor Code section 226.7(b) and the
2  applicable IWC Wage Order.

3      60.    As a result of Defendants' failure to provide compliant meal periods and pay meal
4  period premiums to Plaintiff and Class Members in accordance with the IWC Wage Orders and Labor
5  Code sections 226.7 and 512, Plaintiff and Class Members suffered and continue to suffer a loss of
6  wages and compensation.

7      61.    Because Plaintiff and Class Members were and/or are entitled to such meal periods or
8  "premium pay" in lieu thereof, they are entitled to such payment per shift in an amount according to
9  proof. To the extent such unpaid premiums are deemed unpaid wages, Plaintiff will also seek pre- and
10 post-judgment interest as provided by law at 10% per annum, in an amount according to proof.

11     62.    Plaintiff is informed, believes, and thereon alleges that Defendants, through their
12 conduct described herein, have committed an "intentional theft of wages in an amount greater than
13 nine hundred fifty dollars ($950) from any one employee, or two thousand three hundred fifty dollars
14 ($2,350) in the aggregate from two or more employees…in any consecutive 12-month period" within
15 the meaning of California Penal Code section 487m. Specifically, Defendants have intentionally
16 deprived Plaintiff and Class Members of wages, as defined in Labor Code section 200, gratuities, as
17 defined in Labor Code section 350, benefits, or other compensation, by unlawful means, with the
18 knowledge that the wages, gratuities, benefits, or other compensation is due to Plaintiff and Class
19 Members under the law. Plaintiff and the Class Members she seeks to represent are thus entitled to
20 recover from Defendants treble damages and costs, including reasonable attorneys' fees, pursuant to
21 California Penal Code section 496(c).

22     63.    Also, pursuant to Code of Civil Procedure section 1021.5, Plaintiff will seek attorneys'
23 fees and costs from Defendants in an amount subject to proof and approved by the Court.

24                          **THIRD CAUSE OF ACTION**

25                          **REST PERIOD VIOLATIONS**

26                          **(Against All Defendants)**

27     64.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though
28 fully set forth herein.

-15-
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 34

1    ·    65.    At all relevant times, Defendants had a duty to comply with Labor Code section 226.7
2 and the applicable IWC Wage Orders.

3      66.    The IWC Wage Orders require employers to authorize and permit all employees to take
4 10-minute duty-free rest periods for each four hours worked, or major faction thereof.

5      67.    If an employer fails to provide an employee with a rest period in accordance with
6 California law, Labor Code section 226.7(c) and the IWC Wage Orders require that the employer pay
7 the employee one additional hour of pay at the employee's regular rate of compensation for each
8 workday that the rest period is noncompliant.

9      68.    During the Class Period, Plaintiff and Class Members regularly had their rest breaks
10 shortened, interrupted, restricted to the worksite, and/or missed altogether due to Defendants' policy
11 and practice of prioritizing work demands over taking compliant breaks, and failing to implement a
12 compliant rest break policy and practice. Consequently, Plaintiff and Class Members did not receive
13 a paid 10 minute rest period for every four (4) hours worked or major fraction thereof.

14      69.    During the Class Period, Defendants failed to pay Plaintiff and Class Members rest
15 period premiums for noncompliant rest periods pursuant to Labor Code section 226.7(b) and the
16 applicable IWC Wage Order.

17      70.    As a result of Defendants' failure to provide compliant rest periods and pay rest period
18 premiums to Plaintiff and Class Members in accordance with the IWC Wage Orders and Labor Code
19 sections 226.7 and 516, Plaintiff and Class Members suffered and continue to suffer a loss of wages
20 and compensation.

21      71.    Because Plaintiff and Class Members were and/or are entitled to such rest periods or
22 "premium pay" in lieu thereof, they are entitled to such payment per shift in an amount according to
23 proof. To the extent such unpaid premiums are deemed unpaid wages, Plaintiff will also seek pre- and
24 post-judgment interest as provided by law at 10% per annum, in an amount according to proof.

25      72.    Plaintiff is informed, believes, and thereon alleges that Defendants, through their
26 conduct described herein, have committed an "intentional theft of wages in an amount greater than
27 nine hundred fifty dollars ($950) from any one employee, or two thousand three hundred fifty dollars
28 ($2,350) in the aggregate from two or more employees…in any consecutive 12-month period" within

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 35

1   the meaning of California Penal Code section 487m. Specifically, Defendants have intentionally

2   deprived Plaintiff and Class Members of wages, as defined in Labor Code section 200, gratuities, as

3   defined in Labor Code section 350, benefits, or other compensation, by unlawful means, with the

4   knowledge that the wages, gratuities, benefits, or other compensation is due to Plaintiff and Class

5   Members under the law. Plaintiff and the Class Members she seeks to represent are thus entitled to

6   recover from Defendants treble damages and costs, including reasonable attorneys' fees, pursuant to

7   California Penal Code section 496(c).

8        73.    Pursuant to Code of Civil Procedure section 1021.5, Plaintiff will seek attorneys' fees

9   and costs from Defendants in an amount subject to proof and approved by the Court.

10                    **FOURTH CAUSE OF ACTION**

11       **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

12                    **(Against All Defendants)**

13        74.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though

14   fully set forth herein.

15        75.    At all relevant times, Defendants had a duty to comply with Labor Code section 226.

16        76.    Labor Code section 226(a) requires that, semimonthly or at the time of each payment

17   of wages, employers must furnish each employee with an accurate itemized wage statement in writing

18   that accurately shows (1) gross wages earned, (2) total number of hours worked, (3) the number of any

19   piece-rate units earned and all applicable piece rates, (4) all deductions made from wages, (5) net

20   wages earned, (6) the inclusive dates of the pay period, (7) the name and last four digits or employment

21   identification number of the employee, (8) the name and address of the legal entity that is the

22   employer, and (9) all applicable hourly rates in effect and the corresponding number of hours worked

23   at each hourly rate.

24        77.    Labor Code section 226(e)(1) authorizes an employee suffering injury as a result of a

25   knowing and intentional failure by an employer to provide an accurate itemized wage statement to

26   recover the greater of all actual damages or $50 for the initial pay violation and $100 for each violation

27   in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee, in addition to

28   an award of costs and attorneys' fees.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 36

1    78.    During the Class Period, Defendants have knowingly and intentionally failed to comply

2  with Labor Code section 226(a) on wage statements that were provided to Plaintiff and Class

3  Members. The deficiencies include, among other things, Defendants' failure to correctly state the gross

4  and net wages earned, the total hours worked, all applicable hourly rates in effect during the pay period,

5  and the corresponding number of hours worked at each hourly rate.

6    79.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff

7  and Class Members have suffered injury and damage to their statutorily protected rights. Specifically,

8  Plaintiff and Class Members have been injured by Defendants' intentional violation of California

9  Labor Code section 226(a) because they were denied both their legal right to receive, and their

10  protected interest in receiving, accurate itemized wage statements under California Labor Code section

11  226(a). Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of

12  wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage

13  in these efforts and incur these costs had Defendants provided the accurate wages earned. This has

14  also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

15    80.    Defendants' violations of California Labor Code section 226(a) prevented Plaintiff and

16  Class Members from knowing, understanding and disputing the wages paid to them, and resulted in

17  an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional

18  failure to comply with California Labor Code section 226(a), Plaintiff and Class Members have

19  suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown

20  according to proof at trial.

21    81.    Plaintiff and Class Members are also entitled to injunctive relief under California Labor

22  Code section 226(h), compelling Defendants to comply with California Labor Code section 226, and

23  seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

24                            **FIFTH CAUSE OF ACTION**

25                            **WAITING TIME PENALTIES**

26                            **(Against All Defendants)**

27    82.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though

28  fully set forth herein.

-18-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 37

1    83.    At all relevant times, Defendants had a duty to comply with Labor Code sections 201,

2  202, and 203. Defendants failed to comply with these final paycheck requirements with respect to

3  Plaintiff and Waiting Time Subclass Members.

4    84.    Labor Code section 201 requires that if an employer discharges an employee, the wages

5  earned and unpaid at the time of discharge are due and payable immediately.

6    85.    Labor Code section 202 requires that if "an employee not having a written contract for

7  a definite period" quits, the employee's wages shall become due and payable no later than 72 hours

8  thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in

9  which case the employee is entitled to his or her wages at the time of quitting.

10    86.    Labor Code section 203 provides that if an employer willfully fails to pay, without

11  abatement or reduction, any wages of an employee who is discharged or quits, the wages of the

12  employee shall continue as a penalty from the due date thereof at the same rate until paid or until an

13  action therefor is commenced, but that the wages shall not continue for more than 30 days per

14  employee.

15    87.    During the relevant time period, Defendants willfully failed to pay Waiting Time

16  Subclass Members all their earned wages upon termination including, but not limited to, vacation pay,

17  minimum, regular, overtime, and double time compensation and premium compensation either at the

18  time of discharge or within 72 hours of leaving Defendants' employ.

19    88.    As a result of Defendants' failure to timely pay all wages owed to Plaintiff and Waiting

20  Time Subclass Members in accordance with Labor Code sections 201, 202, and 203, Plaintiff and

21  Waiting Time Subclass Members are entitled to recover waiting time penalties, prejudgment interest,

22  attorneys' fees, and costs in amounts that will be established at trial.

23                          **SIXTH CAUSE OF ACTION**

24                          **UNFAIR BUSINESS PRACTICES**

25                             **(Against All Defendants)**

26    89.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though

27  fully set forth herein.

28    90.    Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful

-19-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 38

1  and harmful to Plaintiff and Class Members. Plaintiff seeks to enforce important rights affecting the

2  public interest within the meaning of Code of Civil Procedure section 1021.5.

3      91.    Defendants' activities, as alleged herein, violate California law and constitute unlawful

4  business acts or practices in violation of California Business and Professions Code sections 17200, *et*

5  *seq.*

6      92.    A violation of Business and Professions Code sections 17200, *et seq.* may be predicated

7  on the violation of any state or federal law.

8      93.    Defendants' policies and practices have violated state law in at least the following

9  respects:

10     (a)    Failing to pay all sick pay, vacation pay, minimum, regular, overtime, and double time

11            wages due to Plaintiff and Class Members in violation of Labor Code sections 204,

12            206, 227.3, 246, 510, 558, 1182.12, 1194, 1194.2, 1197 and 1198;

13     (b)    Failing to provide meal periods without paying Plaintiff and Class Members premium

14            wages for every day in which a meal period was not provided in violation of Labor

15            Code sections 226.7 and 512;

16     (c)    Failing to authorize or permit paid rest breaks without paying Plaintiff and Class

17            Members premium wages for every day in which a rest break was not authorized or

18            permitted in violation of Labor Code section 226.7;

19     (d)    Failing to provide Plaintiff and Class Members with accurate itemized wage statements

20            in violation of Labor Code section 226; and

21     (e)    Failing to timely pay all earned wages to Plaintiff and Waiting Time Subclass Members

22            upon separation of employment in violation of Labor Code sections 201, 202, and 203.

23     94.    Defendants intentionally avoided paying Plaintiff and Class Members' wages and

24  monies, thereby creating for Defendants an artificially lower cost of doing business in order to

25  undercut their competitors and establish and gain a greater foothold in the marketplace.

26     95.    Pursuant to Business and Professions Code sections 17202, 17203, and 17208, Plaintiff

27  and Class Members are entitled to restitution of the wages unlawfully withheld and retained by

28  Defendants during a period that commences four years prior to the filing of the Complaint; an award

-20-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 39

1    of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable laws; and

2    an award of costs.

3        96.    Plaintiff and Class Members are entitled to an injunction, restitution, and other

4    equitable relief against such unlawful practices to return all funds over which Plaintiff and Class

5    Members have an ownership interest and to prevent future damage pursuant to Business and

6    Professions Code sections 17200 *et seq.*

7                    **SEVENTH CAUSE OF ACTION**

8          **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004**

9                        **(Against All Defendants)**

10       97.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though

11    fully set forth herein.

12       98.    Under Labor Code section 2699.3(a), a plaintiff may bring a cause of action under

13    PAGA only after giving the LWDA and the employer notice of the Labor Code sections alleged to

14    have been violated, and after receiving notice from the LWDA of its intention not to investigate or

15    after 65 days have passed without notice from the LWDA.

16       99.    On August 4, 2023, Plaintiff gave written notice of the specified provisions alleged to

17    have been violated by Defendants including the facts and theories to support the alleged violations, as

18    required by Labor Code section 2699.3. This written notice was provided via certified mail to

19    Defendants and to the LWDA by electronically filing the notice via the Department of Industrial

20    Relations' website. More than 65 days have passed since Plaintiff submitted her PAGA notice to the

21    LWDA without a response from the LWDA. Accordingly, Plaintiff may amend the Complaint to add

22    a PAGA cause of action against Defendants.

23       100.   Under Labor Code section 2699.3(a)(2)(C), "Notwithstanding any other provision of

24    law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

25    under this part at any time within 60 days of the time periods specified in this part." More than 65 days

26    have passed since Plaintiff submitted her PAGA notice to the LWDA without notice from the LWDA.

27    Accordingly, Plaintiff may amend her Complaint as a matter of right within this 60 day period as

28    specified by Labor Code section 2699.3(a)(2)(C).

EXHIBIT 1 - PAGE 40

1    101.    On October 13, 2023, Plaintiff provided an amended written notice of the specified
2    provisions alleged to have been violated by Defendants including the facts and theories to support the
3    alleged violations, as required by Labor Code section 2699.3. This amended written notice was
4    provided via certified mail to Defendants and to the LWDA by electronically filing the notice via their
5    respective websites.

6    102.    Pursuant to Labor Code section 2699(a), any provision of the Labor Code that provides
7    for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions,
8    commissions, boards, agencies or employees for violation of the code may, as an alternative, be
9    recovered through a civil action brought by an aggrieved employee on behalf of herself and other
10   current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

11   103.    For all provisions of the Labor Code except those for which a civil penalty is
12   specifically provided, Labor Code section 2699(f) imposes upon Defendants a penalty of one hundred
13   dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred
14   dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which
15   Defendants violated these provisions of the Labor Code.

16   104.    Pursuant to Labor Code sections 2699.3 and 2699.5, Plaintiff may seek civil penalties
17   for any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201,
18   201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5,
19   208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, paragraphs
20   (1) to (5), inclusive, (7), and (9) of subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230,
21   230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of
22   Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2,
23   432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851,
24   851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153,
25   subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision
26   (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296,
27   1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695,
28   subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5,

-22-
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 41

1  1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, Sections 1735, 1771,
2  1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2,
3  2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3073.6, 6310, 6311,
4  and 6399.7.

5      105.    Defendants' conduct violates numerous Labor Code sections, including, but not limited
6  to, the following:

7      106.    Violation of Labor Code sections 201-204, 206, 210, 227.3, 246, 510, 558, 1194, 1197,
8  1197.1, and 1198 for failure to timely pay all earned wages (including sick pay, vacation pay,
9  minimum, regular, overtime, and double time wages) owed to Plaintiff and other aggrieved employees
10 during employment and upon separation of employment as herein alleged;

11     107.    Violation of Labor Code sections 226.7 and 512 for failure to provide meal periods to
12 Plaintiff and other aggrieved employees and failure to pay premium wages for missed meal periods as
13 herein alleged;

14     108.    Violation of Labor Code sections 226.7 for failure to permit rest breaks to Plaintiff and
15 other aggrieved employees and failure to pay premium wages for missed rest periods as herein alleged;

16     109.    Violation of Labor Code sections 226 and 226.3 for failure to provide accurate itemized
17 wage statements to Plaintiff and other aggrieved employees as herein alleged;

18     110.    Violation of Labor Code sections 1174 and 1174.5 for failure to maintain accurate
19 records regarding the employment of Plaintiff and other aggrieved employees as herein alleged; and

20     111.    Violation of Labor Code section 2800 and 2802 for failure to reimburse Plaintiff and
21 other aggrieved employees for business expenses.

22     112.    Labor Code Section 226.3 provides: "[a]ny employer who violates subdivision (a) of
23 Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per
24 employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each
25 violation in a subsequent citation, for which the employer fails to provide the employee a wage
26 deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil
27 penalties provided for in this section are in addition to any other penalty provided by law."

28     113.    Labor Code section 558(a) provides "[a]ny employer or other person acting on behalf

-23-

EXHIBIT 1 - PAGE 42

1  of an employer who violates, or causes to be violated, a section of this chapter or any provision
2  regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject
3  to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid
4  employee for each pay period for which the employee was underpaid . . . (2) For each subsequent
5  violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the
6  employee was underpaid."

7       114.    Labor Code section 558.1 provides that any "employer or other person acting on behalf
8  of an employer, who violates, or causes to be violated, any provision regulating minimum wages or
9  hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to
10 be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802 [of the Labor Code], may be held liable
11 as the employer for such violation."

12      115.    Labor Code Section 1174.5 provides a $500 penalty for an employer's failure to
13 maintain accurate and complete payroll records showing the hours worked daily by and the wages paid
14 to employees.

15      116.    Labor Code section 1197.1 also provides "[a]ny employer or other person acting either
16 individually or as an officer, agent, or employee of another person, who pays or causes to be paid to
17 any employee a wage less than the minimum fixed by an applicable state or local law, or by an order
18 of the commission shall be subject to a civil penalty . . . as follows: (1) For any initial violation that is
19 intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period
20 for which the employee is underpaid . . . (2) For each subsequent violation for the same specific
21 offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which
22 the employee is underpaid regardless of whether the initial violation is intentionally committed.

23      117.    As set forth above, Defendants have violated numerous provisions of the Labor Code
24 regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff also seeks
25 the civil penalties set forth in Labor Code sections 558 and 1197.1 for herself, the underpaid
26 employees, and the State of California.

27      118.    Plaintiff is an "aggrieved employee" because she was employed by the alleged violators
28 and had one or more of the alleged violations committed against her, and therefore is properly suited

1 │ to represent the interests of all other aggrieved employees.

2 │     119.   Plaintiff has exhausted the procedural requirements under Labor Code section 2699.3

3 │ as to Defendants and is therefore able to pursue a claim for penalties on behalf of herself and all other

4 │ aggrieved employees under PAGA.

5 │     120.   Pursuant to Labor Code sections 2699(a), 2699.3 and 2699.5, Plaintiff is entitled to

6 │ recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited

7 │ above.

8 │     121.   For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

9 │ **PRAYER FOR RELIEF**

10 │     Plaintiff, individually and on behalf of all others similarly situated, other aggrieved employees,

11 │ and the State of California, prays for relief and judgment against Defendants, jointly and severally, as

12 │ follows:

13 │     1.    For certification of this action as a class action, including certifying the Class and

14 │         Subclass alleged by Plaintiff;

15 │     2.    For appointment of Plaintiff Nancy Asaad as the class representative;

16 │     3.    For appointment of the Law Office of Daniel J. Hyun as class counsel for all purposes;

17 │     4.    For compensatory damages in an amount according to proof with interest thereon;

18 │     5.    For economic and/or special damages in an amount according to proof with interest

19 │         thereon;

20 │     6.    For damages, monetary relief, wages, premiums, benefits and penalties, including

21 │         interest thereon;

22 │     7.    For waiting time penalties pursuant to Labor Code section 203;

23 │     8.    For liquidated damages pursuant to Labor Code section 1194.2;

24 │     9.    For statutory penalties to the extent permitted by law, including those pursuant to the

25 │         Labor Code and IWC Wage Orders;

26 │     10.   For restitution to Plaintiff and Class Members of all money and property unlawfully

27 │         acquired by Defendants through unfair or unlawful business practices pursuant to

28 │         Business and Professions Code sections 17200 *et seq.*;

11.   For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code sections 17200, *et seq.*;

12.   For prejudgment interest on all sums recovered pursuant to Labor Code section 218.6 and Civil Code sections 3287 and 3289;

13.   For post judgment interest on all amounts awarded to Plaintiff and Class Members as provided by law;

14.   For recovery of attorneys' fees and costs provided by Labor Code sections 218.6, 226, 1194, 2698 *et seq.*, and Code of Civil Procedure section 1021.5;

15.   For PAGA penalties;

16.   For treble damages; and

17.   For such other relief as the Court deems just and proper.

Dated: October 13, 2023                          LAW OFFICE OF DANIEL J. HYUN

By: _____
                    Daniel J. Hyun
                    Attorneys for Plaintiff NANCY ASAAD

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: October 13, 2023                          LAW OFFICE OF DANIEL J. HYUN

By: _____
                    Daniel J. Hyun
                    Attorneys for Plaintiff NANCY ASAAD

-26-

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

EXHIBIT 1 - PAGE 45